## MARSHALL v. BENSON. (No. 8306.)

Court of Civil Appeals of Texas. San Antonio.
Dec. 18, 1929.

E. T. Yates, of Brownsville, for appellant.
H. B. Galbraith and B. N. Goodrich, both
of Brownsville, for appellee.

FLY, C. J. Appellee sought a recovery of
$1,000 from appellant, alleged to be due for
ten shares of the capital stock of San Benito
Bank & Trust Company, of the par value of
$100 each, which appellee had delivered to
appellant and for which appellant had agreed
to pay $1,000. The cause was heard by a
jury to whom special issues were submitted,
and on their answers thereto judgment was
rendered in favor of appellee for $1,000.

In the answer it was alleged that "on or
about the 5th day of January, 1927, plaintiff
sold to defendant, and afterward delivered
to defendant, ten (10) shares of capital stock
of San Benito Bank & Trust Company of San
Benito, Texas, the face value of which was
one hundred ($100) per share, with the spe-
cific understanding and agreement that this
defendant was to accept said transfer un-
der the condition that defendant was to pay
only the actual value of said stock at the
time the same was delivered and with the
specific and definite understanding that de-
fendant was not to lose one cent from the
purchase of said stock, and under plaintiff's
express warranty that this defendant was
taking said stock at the real value and with-
out loss to this defendant at that time or at
any subsequent time. That said stock as
above described was at the time of said trans-
fer, and has been at all times since said
transfer, utterly worthless and of no value,
and said transfer was without consideration,
of all of which plaintiff then and there had
notice." The court submitted to the jury the
question: "Did the plaintiff unconditionally
guarantee the stock in question to the de-
fendant for the period of one year? You
will answer this question Yes or No."

No objection was urged by appellant to
the charge of the court. Appellant cannot
now object to the manner of presenting is-
sues nor of a failure to present matters that
he may conclude should have been presented.
In fact, the only matter of real dispute in the
testimony was as to the kind of guaranty
given by appellee. He said he guaranteed
appellant against loss for a year, if the wife
of appellant had to leave San Benito on ac-
count of ill health. Appellant swore that the
guarantee was confined to a year, but was
unconditional.

Appellant seeks in his brief to draw a dis-
tinction between guaranteeing the value of
the stock for one year and an agreement to
protect appellant from loss on the stock for
one year. It is a distinction without any
substantial difference.

Appellant, in his first assignment of error,
states that he denied, in his answer, that he
purchased the stock from appellee. That as-
sertion is at variance with an allegation in
the answer that "plaintiff sold to defendant
and afterward delivered to defendant ten
(10) shares of capital stock of San Benito
Bank & Trust Company of San Benito, Tex-
as." The controlling issue in the case was
whether the value of the stock was guaran-
teed by appellee.

The judgment is affirmed.